IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN DAVIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-03053-G (BT) |
| | § | |
| HOLIDAY UNIT, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Benjamin Davis, a Texas prisoner, filed a *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Davis leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. Now having completed the judicial screening, the undersigned recommends that the Court dismiss Davis's amended complaint for failure to state a claim upon which relief may be granted and deny any pending motions as moot.

I.

On December 26, 2019, the Court received Davis's complaint. Davis's handwriting is difficult to decipher, but the complaint appears to name the Byrd Unit, the Coffield Unit, Darrington, the Estelle Unit, the Hodge Unit, the Holiday Unit, Jester 4, and the McConnell Unit as defendants. On January 6, 2020, the Court issued an order and notice of deficiency advising Davis that he had not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*. Davis

1

subsequently remedied that deficiency, and the Court granted his motion for leave to proceed *in forma pauperis*.

On March 24, 2020, the Court issued another order and notice of deficiency advising Davis that his complaint was illegible, and his claims were unclear. The Court mailed Davis a new § 1983 complaint form, gave him 30 days to cure the deficiency, and warned him that if he failed to comply with the Court's order, his case may be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

On April 6, 2020, Davis filed an amended complaint. Again, his handwriting is difficult to decipher, but Davis appears to assert claims against Brad Livingston, Brian Collier, Elton John Richardson, Lorie Davis, the Holiday Unit, the McConnell Unit, and the Huntsville Unit. The same day, Davis also filed numerous scraps of paper and pieces of documents covered with handwritten notes. Since April, Davis has continued to submit letters and documents to the Court, some of which the Clerk's Office construed as motions for discovery (ECF Nos. 11, 15, 18, 19, 22 & 24).

II.

Davis's complaint and amended complaint are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or

2

>    dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

The Court cannot make out many specific allegations in Davis's complaint or amended complaint because both documents are difficult to decipher, illegible, and rambling. Davis does not confine himself to filling in the blanks on the approved § 1983 from complaint. Instead, he covers the entire page with handwriting; he writes in top, bottom and side margins, and he writes on top of the typed instructions on the form.

To the extent that the Court can discern a word or two, or even a phrase, the statements contained in Davis's complaint and amended complaint are nonsensical and fantastical. For example, the amended complaint, to the extent it can be read, identifies Davis as "King BankOne Cambridge Benjamin Jehovah Immanuel Shaddui & King Father-in-Law." He names Warden Lorie Davis and "Fake British Singer Elton John Richardson" as defendants, and asserts they are "Free World Former Associates who stole my Queen Wife Ke-Keisha Chaney Sunshine 'K' Illuminati." Davis added a banner to the top of several pages, which proclaims the filing is a "Royal Decree:" "Due Forgive My Most Enlightening Amended Involuntary Negligence/Literary Coverhead;" "My Back Child Support Trust Fund Est. 1990-1994 W/#'s Interest & It's Quarterly '1040';" and "Involuntary, Literary Negligence." He claims defendant the Huntsville Unit "cleared through Jester 4 for inmates and an imposters of myself to be released / one being my DNA son who FBI desined [sic] and turned hisself [sic] back in!" He further claims defendants are "hidding [sic] I'm the King of Great Britain" and "the Grammy's commemorated me." In response to an instruction asking for a short and plain statement of the facts of his case, Davis writes "It's been > 4100 days with no direct appeal . . . wrong spelling . . . AP. R.E.A. Department Movie Production with no ending . . . 4 Star General Fired that Day as My Witness . . . ." And the attachments to his amended complaint consist of scraps of paper and torn documents covered with similar rambling statements.

The Court liberally construes Davis's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Davis's pleadings are largely unintelligible. To the extent the Court can make out any of his statements, those statements are irrational and factually incredible. His complaint and amended complaint should therefore be dismissed as frivolous and because he fails to state a claim upon which relief can be granted. Claims may be dismissed as frivolous when they are vague and incomprehensible. *Mayfield v. Collins*, 918 F.2d 560, 561 (5th Cir. 1990).

### IV.

The Court recommends that Davis's civil action be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and any filings construed as pending motions be denied as moot.

Signed November 12, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).